# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Evamarie Mozey,<br><br>    Plaintiff,<br><br>v.<br><br>RMS-Recovery Management Services, Inc.,<br><br>    Defendant. | Case No. 0:18-cv-02845<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in

their illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff Evamarie Mozey (hereinafter "Plaintiff") is a natural person who resides in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant RMS-Recovery Management Services, Inc. (hereinafter "Defendant") is a collection agency and foreign company operating from an address located at 4200 Cantera Drive, Suite 211, Warrenville, Illinois 60555, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

## FACTUAL ALLEGATIONS

8. Defendant alleges that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an alleged balance

for a student loan with the Department of Education.

9. This debt was consigned, placed or otherwise transferred by the Department of Education to Defendant for collection from Plaintiff.

10. On or around August 7, 2018, Defendant sent a collection letter to Plaintiff that demanded payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. Defendant's August 7, 2018, collection letter provided, in pertinent part, the following account details:

| | |
|---|---|
| Account No. | 1029310135 |
| Principal Bal. | $53,023.79 |
| Interest | $5,835.73 |
| Penalty Charges | $0.00 |
| Fees & Costs | $14,326.41 |
| Current Balance | $73,185.93 |

12. Defendant's August 7, 2018, collection letter continued by stating, in relevant part, the following:

> This notice is from RMS-Recovery Management Services, Inc. (RMS). The U.S. Department of Education (ED), the current creditor and holder of your defaulted student loan or grant overpayment debt, has referred your account to Coast Professional, Inc. (Coast) for collection. Coast has authorized RMS, as a subcontractor, to act on their behalf to assist in the resolution of your account. ED has indicated your entire balance as indicated above is due and payable. As of the date of this letter, you owe the balance indicated above. Because of interest or other fees that may vary from day to day, the amount due on the day you pay may be greater. We do recognize that

many individuals may not be in the position to pay the entire balance in one payment. Therefore, RMS is committed to providing assistance to you in determining the best resolution to your obligation. Our consumer care staff is trained to discuss all available options for repayment of your debt.

13. In response to Defendant's August 7, 2018, collection letter, Plaintiff sent Defendant a letter regarding this alleged debt.

14. On September 14, 2018, Plaintiff sent Defendant a letter notifying Defendant that she was refusing to pay this debt to Defendant.

15. Plaintiff's written refusal to pay acted as a request for Defendant to cease further communication with her pursuant to 15 U.S.C. § 1692c(c).

16. Specifically, Plaintiff's written refusal to pay stated:

    RE:  Account No. 1029310135

    Dear Sir or Madam:

    In regards to the above account, I have made a timely request for administrative review with the Department of Education, as well as a Request for Documents, and am awaiting their response. As such, *I will not pay you for this debt*, which has been disputed time and time again with the Department of Education. I will await a response from the Department of Education.

    Thank you, Evamarie Mozey.

    (*Italic emphasis added*).

17. Plaintiff's written refusal to pay was delivered to Defendant via US Certified Mail on September 17, 2018.

*Illegal Attempt to Collect This Debt After Plaintiff's Written Refusal to Pay*

18. On or around September 26, 2018, Defendant sent another collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. Defendant's September 26, 2018, collection letter related to the same alleged student loan debt with account number 1029310135.

20. Defendant's September 26, 2018, collection letter also demanded payment in the amount of $73,830.33 and stated, in relevant part, the following:

> This notice is from RMS-Recovery Management Services, Inc. (RMS). The U.S. Department of Education (ED), the current creditor and holder of your defaulted student loan or grant overpayment debt, has referred your account to Coast Professional, Inc. (Coast) for collection. Coast has authorized RMS, as a subcontractor, to act on their behalf to assist in the resolution of your account. As of the date of this letter, you owe the balance indicated above. Because of interest or other fees that may vary from day to day, the amount due on the day you pay may be greater.
>
> Enclosed please find the documents that you have requested in regards to your student loans. Once you have reviewed the attached documents please give us a call so we may discuss your account.

21. Despite the fact that Plaintiff did *not* make a request for documents from Defendant, Defendant's September 26, 2018, collection letter was enclosed with four pages of loan documents.

22. Notably, despite having received Plaintiff's written refusal to pay, Defendant's September 26, 2018, collection letter demanded payment from Plaintiff for this same debt after Plaintiff specifically stated, in writing, that she refused to pay this alleged debt.

23. Defendant's September 26, 2018, collection letter did not advise Plaintiff that Defendant's collection efforts were being terminated, nor did it notify Plaintiff that Defendant may invoke, or intends to invoke, specified remedies.

24. Rather, Defendant ignored Plaintiff's written refusal to pay and continued to collect this alleged debt from Plaintiff.

25. Plaintiff clearly stated that she was refusing to pay this debt, pursuant to her right under 15 U.S.C. § 1692c(c).

26. Defendant's failure to cease communication with Plaintiff, after it received Plaintiff's written refusal to pay, was an act done in violation of the FDCPA at 15 U.S.C. §§ 1692c(a)(1) and 1692c(c).

27. Defendant's continued collection of this debt by collection letter, after receiving Plaintiff's written refusal to pay, deceived and misled Plaintiff to believe that Defendant still had the right to contact Plaintiff in an effort to collect this debt, in further violation of the FDCPA.

28. The above-described collection communications from Defendant were

deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(c), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1), amongst others.

*Summary*

29. The above-described collection communications made to Plaintiff by Defendant and the collection employees employed by Defendant, after Plaintiff specifically stated, in writing, that she refused to pay this alleged debt, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

30. These violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

31. The FDCPA provides Plaintiff with legally-protected consumer rights to prevent Plaintiff from being abused, deceived, misled, or otherwise treated unfairly by debt collectors.

32. Defendant's continued collection of this debt after receiving Plaintiff's written refusal to pay, and its deception with regard to its ability to continue to collect this debt, were unfair and deceptive attempts to collect this debt, which

materially misled Plaintiff as to her legally-protected consumer rights to cease these communications and to be treated fairly, and which affected and frustrated Plaintiff's ability to intelligently respond to Defendant's continued collection efforts.

33. Plaintiff suffered concrete and particularized harm because her legally-protected consumer rights under the FDCPA were violated by Defendant when it continued to contact her after receiving her written refusal to pay.

34. Plaintiff has suffered actual damages as a result of Defendant's illegal collection communications in the form of anger, confusion, frustration, and annoyance, amongst other negative emotions, in addition to her lost time.

### *Respondeat Superior Liability*

35. The acts and omissions of the individual employees and agents of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

36. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

37. By committing these acts and omissions against Plaintiff, these individuals and

the other debt collectors were motivated to benefit their principal, Defendant.

38. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

42. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 3, 2018

**BARRY & HELWIG, LLC**
By: s/ Patrick J. Helwig
Patrick J. Helwig, Esq.
Attorney I.D. # 0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com
***Attorney for Plaintiff***

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA      )
                        ) ss
COUNTY OF DAKOTA        )

Pursuant to 28 U.S.C. § 1746, Plaintiff Evamarie Mozey, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___October___  __3__, __2018__
              Month        Day    Year

_____Evamarie Mozey_____
Signature